Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000877
06-FEB-2015
07:52 AM

NO. CAAP-12-0000877

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WENDELL H. JENKINS, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 08-1-0025)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, and Leonard and Reifurth, JJ.)

Petitioner-Appellant Wendell Harrison Jenkins appeals from the Findings of Fact, Conclusions of Law, and Order: (1) Granting Motion for Disposition to Rule 40 Petition; (2) Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody; (3) Denying Motion for Peremptory Reversal; and (4) Denying Motion for Appointment of Counsel, entered on October 4, 2012 in the Circuit Court of the First Circuit ("Circuit Court").[1]

On June 18, 1998, a jury found Jenkins guilty of Robbery in the First Degree, in violation of Hawaii Revised Statutes § 708-840(b)(i) (1993); Kidnapping, in violation of HRS § 707-720(1)(c) (1993); and Burglary in the First Degree, in violation of HRS § 708-810(1)(a) (1993). Jenkins was sentenced as a repeat offender to the mandatory minimum terms, including a twenty-year indeterminate term for Robbery in the First Degree, a twenty-year indeterminate term for Kidnapping, and a ten-year

[1] The Honorable Dexter D. Del Rosario presided.

indeterminate term for Burglary in the First Degree, all sentences to run concurrently. On appeal, by memorandum opinion dated January 18, 2001, the Hawai'i Supreme Court affirmed Jenkins' conviction but vacated his sentences because he did not qualify as a repeat offender for sentencing purposes under HRS § 706-606.5 (Supp. 2007). *State of Hawai'i v. Jenkins*, No. 21729, slip op. at 34-35 (Hawai'i Jan. 18, 2001). On June 14, 2001, the Circuit Court issued an Amended Judgment, Guilty Conviction and Sentence, in which it re-sentenced Jenkins as it had previously, but removed the labels of such terms as mandatory minimums pursuant to sentencing as a repeat offender.

On June 13, 2008, Jenkins filed a Petition to Vacate, Set Aside or Correct Judgment or to Release Petitioner from Custody ("First Petition"), pursuant to Rule 40 of the Hawaii Rules of Penal Procedure. In the First Petition, Jenkins claimed that his constitutional right to effective assistance of trial counsel was violated, that trial counsel failed to appeal his convictions, that appellate counsel was ineffective for failing to raise ineffective assistance of counsel on appeal, and that his convictions were illegally obtained. On October 10, 2008, the Circuit Court denied the First Petition without a hearing.

On November 6, 2008, Jenkins filed a Motion for Reconsideration. On December 12, 2008, the Circuit Court denied Jenkins' Motion for Reconsideration. Jenkins did not appeal from the denial of his First Petition or the denial of his Motion for Reconsideration of the First Petition.

On September 14, 2009, Jenkins filed a Motion to Amend Rule 40 Petition for Post-Conviction Relief ("Second Petition"). Jenkins sought to amend the First Petition to include three additional claims: that his trial counsel was ineffective for failing to object to erroneous jury instructions, that trial counsel was ineffective for failing to request a jury instruction on merger of Robbery in the First Degree and Kidnapping, and that appellate counsel was ineffective for failing to raise the issue of ineffective assistance of trial counsel for the above issues. On October 29, 2009, the Circuit Court denied the Motion to Amend Rule 40 Petition without a hearing on the ground that there was

2

no authority that allowed amendment of the First Petition after expiration of the time to appeal had passed. On appeal, by summary disposition order dated April 13, 2011, this court reversed the Circuit Court and ordered that Jenkins's Second Petition be treated as a separate non-conforming HRPP Rule 40 Petition. *Jenkins v. State*, No. 30196, 2011 WL 1421150 at *1 (Haw. Ct. App. Apr. 13, 2011).

On May 25, 2011, Jenkins filed a Supplemental Amendment to Clarify Motion to Amend Petition Filed on September 14, 2009 ("Supplemental Amendment"). Citing *State v. Radcliffe*, 9 Haw. App. 628, 859 P.2d 925 (1993), Jenkins contended that the Circuit Court plainly erred by instructing the jury that "a knife is a dangerous instrument." Also citing *State v. Hoey*, 77 Hawai'i 17, 881 P.2d 504 (1994), Jenkins claimed that the jury should have been instructed on the possibility of merger of the Robbery in the First Degree and Kidnapping charges, and that he could not be convicted of both counts pursuant to HRS § 701-109(1)(e).

On October 4, 2012, the Circuit Court issued its Findings of Fact, Conclusions of Law, and Order: (1) Granting Motion for Disposition to Rule 40 Petition; (2) Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody; (3) Denying Motion for Peremptory Reversal; and (4) Denying Motion for Appointment of Counsel, which denied the Second Petition without a hearing. On appeal, Jenkins asserts the same claims that he raised in his Second Petition as modified by the Supplemental Amendment.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Jenkins's points of error as follows and affirm:

The Circuit Court did not err in denying the Second Petition after reviewing it on remand, which it did on the ground that Jenkins's claims were waived[2] because Jenkins failed to

---

[2]    The Circuit Court's Conclusion of Law 7 states as follows:

   Under HRPP Rule 40, relief is unavailable as to issues that
   could be, but were not raised on appeal. The Petitioner
   could have raised his claims in a direct appeal. However,
   the Petitioner failed to raise the claims, or present any

rebut the presumption that the failure to raise the claim in the First Petition was a "knowing [] and understanding [] fail[ure]" and that he failed to prove "extraordinary circumstances to justify [his] failure to raise" the claims. HRPP Rule 40(a)(3) states:

> (3) INAPPLICABILITY. Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue. There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

Haw. R. Pen. P. 40(a)(3). Jenkins did not state in the Second Petition why he failed to raise the issue of incorrect jury instructions in the First Petition, nor did he prove the existence of extraordinary circumstances to justify his failure to raise the claims in the First Petition.[3] Therefore, relief was not available pursuant to HRPP Rule 40.

Therefore,

IT IS HEREBY ORDERED that the Findings of Fact, Conclusions of Law, and Order: (1) Granting Motion for Disposition to Rule 40 Petition; (2) Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody; (3) Denying Motion for Peremptory Reversal; and (4) Denying Motion for Appointment of Counsel, entered on October 4,

---

> facts to rebut the presumption that the failure to raise the claim was a "knowing and understanding failure," or prove any extraordinary circumstance that would justify his failure to raise the claim in an appeal. Therefore, the Court finds and concludes that Petitioner's claims are waived.

[3] Even if we were to conclude that Jenkins stated a colorable claim regarding the jury instruction (reviewed for plain error) or the lack of a merger instruction, either of which would otherwise entitle him to a hearing in the Circuit Court, it would not affect his conviction on the kidnapping charge, and thus would afford him no practical relief. Therefore, those claims are moot. *See Kahoʻohanohano v. State*, 114 Hawaiʻi 302, 332, 162 P.3d 696, 726 (2007) (observing that "[a] case is moot if the reviewing court can no longer grant effective relief.") (citing *City Bank v. Saje Ventures II*, 7 Haw. App. 130, 134, 748 P.2d 812, 815 (1988)).

2012 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, February 6, 2015.

On the briefs:

Wendell H. Jenkins
Pro Se Defendant-Appellant.

Brandon H. Ito,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5